# In the United States Court of Federal Claims

No. 21-925C

(Filed:  June 4, 2021)

**(NOT TO BE PUBLISHED)**

|  |  |
|---|---|
| **PERSEPHONE ZEPHYR,** | ) |
| *Plaintiff,* | ) |
| **v.** | ) |
| **THE UNITED STATES,** | ) |
| *Defendant.* | ) |

*Persephone Zephyr*, Pensacola, FL, pro se.

*Alison S. Vicks*, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C., for Defendant.  With her on the briefs were *Brian M. Boynton*, Acting Assistant Attorney General, Civil Division, *Martin F. Hockey, Jr.*, Acting Director, and *Deborah A. Bynum*, Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C.

## OPINION AND ORDER

*SOLOMSON*, **Judge.**

On February 9, 2021, Plaintiff, Persephone Zephyr, a resident of Pensacola, Florida, proceeding *pro se*, filed a complaint against Defendant, the United States, in this Court.  ECF No. 1 ("Compl.").  That same day, Ms. Zephyr also filed a motion to proceed in forma pauperis, ECF No. 2, which the Court granted.  ECF No. 8.  On February 17, 2021, Ms. Zephyr submitted several exhibits, which were filed by leave of the Court.  ECF No. 9 ("Ex.").  On February 23, 2021, Ms. Zephyr emailed a letter to the Clerk's Office, which the Court directed the Clerk's Office to treat as supplementing the originally filed complaint and exhibits.  ECF Nos. 11, 12.  On April 12, 2021, the government filed a motion to dismiss the complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Court of Federal Claims ("RCFC") for, respectively, lack of subject-matter

jurisdiction and for failure to state a claim upon which relief can be granted.  ECF No. 13 ("Def. Mot.").  On April 13, 2021, Ms. Zephyr provided additional documents, which the Court treated as Plaintiff's response to the government's motion to dismiss.  ECF No. 14 ("Pl. Resp.").  On April 23, 2021, the government filed its reply brief.  ECF No. 15.

The Court begins with the facts alleged in Ms. Zephyr's complaint and subsequent filings.[1]  Ms. Zephyr was a student in The New School and amassed "more than $100,000 in [student loan] debt."  Compl. ¶ 3, Ex. at 11.  During the spring 2019 semester, she was "subjected to discrimination by professors, and . . . [The New School] staff were not responsive to [her] concerns about [her] professors and were negligent in handling of administrative matters."  Ex. at 11.  "[O]ne class shy of graduation [she] was retaliated against and withdrawn from [her] program" at The New School.  Compl. ¶ 3.  On September 5, 2019, Ms. Zephyr filed a discrimination complaint against The New School with the Office for Civil Rights of the United States Department of Education ("DOE").  Ex. at 11.  On November 19, 2019, DOE determined that it would not investigate her allegations and dismissed her complaint for failure to state a claim for discrimination prohibited by federal law.  *Id.*  Because of her student debt, Ms. Zephyr subsequently filed a bankruptcy petition in the United States Bankruptcy Court for the Northern District of Florida.  Compl. ¶ 3, Pl. Resp. at 1.  However, "[t]he clerk . . . failed to label and submit the docket numbers for [her] filings" which "resulted in [her] case being thrown out because the judge claimed [she] never filed [a petition]."  Compl. ¶ 3.  Ms. Zephyr attempted to appeal the bankruptcy court's decision by filing a judicial misconduct complaint with a Florida state court, but that complaint also was dismissed for lack of jurisdiction.  Ex. at 1.

Ms. Zephyr filed additional discrimination complaints with the Civil Rights offices of five different federal agencies, as follows:

- On August 27, 2019, Ms. Zephyr submitted a discrimination complaint to the United States Department of Justice, alleging that she was assaulted but that when the "Culpeper Police Department" responded to her call they "threatened to detain [her], but barely bat an eye at the attacker" and that

---

[1] For the purpose of resolving the pending motion to dismiss, the facts alleged in Plaintiff's complaint are assumed to be true, and do not constitute factual findings by the Court.  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Am. Bankers Ass'n v. United States*, 932 F.3d 1375, 1380 (Fed. Cir. 2019).  The Court may consider "documents incorporated into the complaint by reference," without converting a motion to dismiss to one for summary judgment.  *See Bristol Bay Area Health Corp. v. United States*, 110 Fed. Cl. 251, 261–62 (2013).

"[t]he officer intentionally fabricated evidence resulting in a loss of liberty."
Ex. at 4–10.

- On February 3, 2020, she filed a discrimination complaint with the United
States Department of Health and Human Services, claiming that she was
"arrested, tased, and strapped to a gurney because an abusive parent made
allegations about [her] health" and was then taken to a hospital and
"threatened . . . with a drug injection."  Ex. at 13–14.

- On June 20, 2020, Ms. Zephyr filed a discrimination complaint with the United
States Department of State, alleging that while she was in London "applying
for Human Rights Protections in the UK," she was "forced into purchasing a
new [passport]" and that she has "no ability to repay this loan yet now [she is]
being threatened with late fees and amidst a pandemic."  Ex. at 21–22.

- In early January 2021, she filed discrimination complaints with the United
States Department of Labor and United States Department of Agriculture after
she was asked to provide "further verification" regarding her application for
Supplemental Nutrition Assistance Program ("SNAP") benefits.  Ex. at 22–24;
*see* Pl. Resp. at 12–13.

In each instance, the relevant federal agency dismissed her compliant for failure
to sufficiently allege discrimination prohibited by federal law.  Compl. ¶ 1.  She alleges
that all these federal agencies, as well as the federal bankruptcy and state judges,
negligently mishandled her claims.  Compl. ¶ 3.  Ms. Zephyr requests that this Court
"[r]elieve [federal bankruptcy] Judge Karen K. Specie of [her] duties as well as clerk
Tammi Boswell[,] . . . forgiv[e] the Federal Student Loans [in the amount of $120,000,
r]eview Civil Rights Cases[,]" and issue her a "Master['s] diploma which is owed to
[her]."  Compl. ¶¶ 3–4, ECF No. 1-1; *see* Pl. Resp. at 1 ("I expect to receive my diploma
and my debts to be cleared.").  She further seeks an unidentified amount of "reparations
for all of the improper [agency] reviews." Pl. Resp. at 1.

Ms. Zephyr is proceeding *pro se*, and this Court generally holds a *pro se* plaintiff's
pleadings to "less stringent standards." *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (per
curiam); *see also Troutman v. United States*, 51 Fed. Cl. 527, 531 (2002).  The Court,
however, "may not similarly take a liberal view of [a] jurisdictional requirement and set
a different rule for *pro se* litigants only." *Kelley v. Sec'y of Dep't of Labor*, 812 F.2d 1378,
1380 (Fed. Cir. 1987).  In short, "even pro se plaintiffs must persuade the court that
jurisdictional requirements have been met." *Hale v. United States*, 143 Fed. Cl. 180, 184
(2019).  In the absence of subject-matter jurisdiction, the Court must dismiss the claim.
*Kissi v. United States*, 493 F. App'x 57, 58 (2012); RCFC 12(h)(3) (*sua sponte* dismissal).

Generally, "[t]he jurisdiction of the Court of Federal Claims is defined by the Tucker Act, which gives the court authority to render judgment on certain monetary claims against the United States." *RadioShack Corp. v. United States*, 566 F.3d 1358, 1360 (Fed. Cir. 2009). The Tucker Act, 28 U.S.C. § 1491(a)(1), provides this Court with jurisdiction to decide "actions pursuant to contracts with the United States, actions to recover illegal exactions of money by the United States, and actions brought pursuant to money-mandating statutes, regulations, executive orders, or constitutional provisions." *Roth v. United States*, 378 F.3d 1371, 1384 (Fed. Cir. 2004). The Tucker Act, however, "does not create a substantive cause of action." *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc). Moreover, "[n]ot every claim invoking the Constitution, a federal statute, or a regulation is cognizable under the Tucker Act." *United States v. Mitchell,* 463 U.S. 206, 216 (1983). With respect to "money-mandating" claims, the plaintiff must identify a law that "can fairly be interpreted as mandating compensation by the Federal Government for the damage sustained." *Id.* at 217 (quotation omitted).

For the reasons explained below, Ms. Zephyr's claims against individual federal and state judicial officials, The New School, and multiple federal agencies – not to mention the nature of the relief she seeks – are not within this Court's subject-matter jurisdiction.

*First*, to the extent that Ms. Zephyr directs any of her claims against The New School, a private university, or a state court judge, such claims suffer from a "critical jurisdictional flaw" because only the United States is a proper defendant before this Court. *Double Lion Uchet Express Trust v. United States*, 149 Fed. Cl. 415, 420 (2020). "When a plaintiff's compliant names private parties, or local, county, or state agencies, rather than federal agencies, this court has no jurisdiction to hear those allegations." *Moore v. Pub. Defenders Office*, 76 Fed. Cl. 617, 620 (2007); *see Dyck v. Albertelli Law*, 98 Fed. Cl. 624, 626 (2011) ("Because plaintiff does not bring any claims against a proper defendant, the suit falls outside of the jurisdiction of this court. For this reason alone, plaintiff's complaint must be dismissed.").[2]

Regarding claims against the federal bankruptcy judge and the clerk of that court, this Court "does not have jurisdiction over other federal courts or their

---

[2] Ms. Zephyr raises her claims against the Florida Department of Children and Families and the Florida First District Court of Appeals "regarding discrimination associated with the Cash Assistance and Food Stamps programs" for the first time in her *response* brief. Pl. Resp. at 1, 5–11. "As a matter of litigation fairness[,]" new arguments made in a response brief are generally disregarded by this Court. *See Novosteel SA v. United States*, 284 F.3d 1261, 1274 (Fed. Cir. 2002). In any event, even if Ms. Zephyr properly raised her claims before the Court, they would be dismissed because, as previously explained, this Court lacks jurisdiction over state entities.

employees[,]" *Trevino v. United States*, 113 Fed. Cl. 204, 208 (2013); nor does this Court "possess jurisdiction to review judgments of bankruptcy courts and district courts." *Ivaldy v. United States*, 655 F. App'x 813, 815 (Fed. Cir. 2016); *see Joshua v. United States*, 17 F.3d 378, 380 (Fed. Cir. 1994) ("[T]he Court of Federal Claims does not have jurisdiction to review the decisions of district courts or the clerks of district courts relating to the proceedings before those courts.").

*Second*, while federal agencies may be proper defendants before this Court, Ms. Zephyr "d[oes] not assert any claims deriving from money-mandating sources of law not sounding in tort." *Lawton v. United States*, 621 F. App'x 671, 672 (Fed. Cir. 2015). Ms. Zephyr asserts that the Civil Rights offices for various federal agencies have acted "negligen[tly]" and that "the civil services have failed [her,]" Compl. ¶¶ 1–3, but such claims are "jurisdictionally defective because plaintiff's claim[s] of negligence sound[] in tort." *Moore v. Durango Jail*, 77 Fed. Cl. 92, 96 (2007). Moreover, to the extent that Ms. Zephyr seeks forgiveness of her federal student loans as a result of these negligence claims, she fails to identify a money-mandating statute or "a separate source of substantive law that creates the right to money damages." *Fisher*, 402 F.3d at 1172.

Although Ms. Zephyr seeks "review" of various federal agency final decisions to dismiss discrimination complaints, *see* Compl. ¶ 4, and "reparations for all the improper [agency] reviews[,]" *see* Pl. Resp. at 1, this Court "lacks the general federal question jurisdiction of the district courts, which would allow it to review the agency's actions and to grant relief pursuant to the Administrative Procedure Act." *Crocker v. United States*, 125 F.3d 1475, 1476 (Fed. Cir. 1997); *Russell v. United States*, 78 Fed. Cl. 281, 288 (2007) ("[T]he APA confers jurisdiction for judicial review of final agency decisions on the United States district court and not the Court of Federal Claims.").

### CONCLUSION

Accordingly, the government's motion to dismiss pursuant to RCFC 12(b)(1) for lack of subject matter jurisdiction is **GRANTED** and Ms. Zephyr's complaint hereby is **DISMISSED**. The Clerk shall enter **JUDGMENT** for the government.

**IT IS SO ORDERED.**

s/Matthew H. Solomson
Matthew H. Solomson
Judge